# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

JOHN E. PREVOST, II                                                    PLAINTIFF
ADC #144749

v.                          Case No. 2:17-cv-00144-KGB/JJV

MOSES JACKSON, III, *et al.*,                                          DEFENDANTS

## ORDER

The Court has received Proposed Findings and Recommendations submitted by United

States Magistrate Judge Joe J. Volpe (Dkt. No. 31). While no objections have been filed, and the

time for filing objections has passed, the Court notes that plaintiff John Prevost filed a response to

the motion for summary judgment two days after Judge Volpe filed the Proposed Findings and

Recommendations. The Court declines to construe Mr. Prevost's response as an objection to the

Proposed Findings and Recommendations, but the Court will briefly discuss how Mr. Prevost's

response does not convince the Court to decline the Proposed Findings and Recommendations.

## I.      Discussion

Mr. Prevost has not disputed any of the facts included in defendants' statement of

undisputed material facts, and the Court therefore treats those facts as admitted by Mr. Prevost

(Dkt. No. 29). Mr. Prevost has, however, attached eight exhibits to his response (Dkt. No. 32).

The first is Arkansas Department of Corrections ("ADC") Administrative Directive 13-55, which

governs assignments to field duty work assignment (Dkt. No. 32, at 6). The second exhibit is

grievance number EA-16-00912, in which Mr. Prevost asserts that he was called to work on

Saturday, which is prohibited by his religion (*Id*., at 7). The third exhibit is a response from an

ADC official stating that Mr. Prevost would not be required to work on Saturdays (*Id*., at 8). The

fourth exhibit is a "WARDEN/CENTER SUPERVISOR'S DECISION" that states that Mr.

Prevost's complaint had been resolved (*Id.*, at 9). The fifth exhibit is a portion of the declaration of separate defendant Gaylon Lay, in which he states that he removed Mr. Prevost from kitchen duty and sent him to the Classification Committee when he learned that Mr. Prevost had been called into work on a Saturday (Dkt. No. 32, at 10). The sixth exhibit is grievance number EA-16-01661, in which Mr. Prevost complained that he had not yet been seen by the Classification Committee (*Id.*, at 11). The seventh exhibit includes a statement by a prison official that Mr. Prevost was reassigned by the Classification Committee on December 20, 2016 (*Id.*, at 12). Finally, the eighth exhibit is a copy of Administrative Directive 16-27, which governs the classification of ADC inmates (*Id.*, at 15).

None of these exhibits raise a genuine dispute as to any material fact. First, the Court agrees with Judge Volpe that Mr. Prevost's official capacity claims under 42 U.S.C. § 1983 for monetary damages against defendants are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a suit against a state official in his or her official capacity is no different from a suit against the state itself, which is barred by the Eleventh Amendment unless the state has waived its immunity); *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991) (holding that Arkansas has not waived its Eleventh Amendment immunity).

Second, the Court agrees with Judge Volpe that Mr. Prevost's claims for declaratory and injunctive relief are moot, as it is undisputed that Mr. Prevost has been reassigned from field duty to another job, and he has not alleged any future wrongs that he is likely to suffer at defendants' hands. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that when a prisoner is no longer subject to the conditions complained of and has not shown any real or immediate threat of being wrong again, claims for injunctive relief are moot, and there is no standing to seek declaratory relief).

As to Mr. Prevost's claims against defendants in their personal capacities, the Court also agrees with Judge Volpe that defendants are entitled to summary judgment on those claims. The record evidence construed in the light most favorable to Mr. Prevost do not establish a violation of his constitutional rights. As a result, defendants are entitled to qualified immunity on Mr. Prevost's claims against them in their personal capacities. First, separate defendant Moses Jackson is entitled to summary judgment because Mr. Prevost's claims against him are based solely upon his position as Deputy Warden. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (holding that there is no *respondeat superior* liability under § 1983).

Second, the Court agrees that no reasonable juror could conclude that defendants violated Mr. Prevost's rights under the Eighth Amendment, as there is no evidence that any of defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Third, the Court agrees with Judge Volpe that, based upon the undisputed record evidence, no reasonable juror could conclude that Mr. Prevost's due process rights under the Fourteenth Amendment were violated. The undisputed facts show that Mr. Prevost was transferred out of the kitchen to field work without being presented to the Classification Committee, which Mr. Prevost argues was a violation of Administrative Directive 16-27. The Due Process Clause, however, does not protect prisoners from every adverse change in their confinement and does not, itself, create a protected liberty interest in any particular prison classification or job assignment. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). To the extent Mr. Prevost alleges that defendants violated Administrative Directive 16-27 by transferring Mr. Prevost to field work without consulting the Classification Committee, the Court notes that "there is no § 1983 liability for violating prison policy." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997); *see Phillips v.*

*Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (holding that prisoners do not have a due process right to enforce compliance with internal prison rules or regulations). Accordingly, taking the undisputed record evidence in the light most favorable to Mr. Prevost, no reasonable juror could conclude that defendants violated Mr. Prevost's due process rights under the Fourteenth Amendment.

Fourth, the Court agrees with Judge Volpe that summary judgment as a matter of law is appropriate on Mr. Prevost's First Amendment retaliation claim. There is no record evidence that Mr. Prevost's transfer to field duty was done in retaliation for Mr. Prevost's request to not work on Saturdays. Indeed, the declaration of Mr. Lay, which is presented by Mr. Prevost, states that "[i]nmate kitchen duty requires Saturday duty because the kitchen does not close at the prison for weekends or holidays." (Dkt. No. 32, at 13). There is no other record evidence that raises the inference that the job transfer was done in retaliation for Mr. Prevost's exercise of his First Amendment rights. Even taking the record evidence in the light most favorable to Mr. Prevost, the Court concludes that no reasonable juror could conclude that defendants' transfer of Mr. Prevost's work assignment was done to retaliate against Mr. Prevost for the exercise of his First Amendment rights.

Fifth, the Court agrees with Judge Volpe that summary judgment as a matter of law is appropriate as to Mr. Prevost's First Amendment free exercise claim. There are four factors that must be considered when evaluating whether a prison regulation impermissibly infringes on a constitutional right: (1) whether there is a "valid rational connection" between the prison regulation and the government interest justifying it; (2) whether there is an alterative means available to the prisoner to exercise the right; (3) whether an accommodation would have "a significant 'ripple effect'" on the guards, other inmates, and prison resources; and (4) whether

there is an alternative that fully accommodates the prisoner "at de minimus cost to valid penological interests." *Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 982-83 (8th Cir. 2004) (quoting *Turner v. Safley*, 482 U.S. 78, 90-91 (1987)). First, the Court concludes that there was a valid rational connection between defendants' decision to assign Mr. Prevost to field duty given that record evidence indicates that the prison kitchen must remain open on Saturdays. Second, there is no record evidence that an alternative assignment in the kitchen would have allowed Mr. Prevost to continue exercising his religious rights. Third, there is undisputed record evidence that the kitchen where Mr. Prevost worked had to be open on Saturdays, which suggests that accommodating Mr. Prevost by allowing him to remain at the kitchen would have had a ripple effect on other kitchen workers and on those who relied upon the kitchen's services. Fourth, the undisputed record evidence is that Mr. Prevost's religious rights were fully accommodated by transferring him to field work. Accordingly, construing the record evidence in the light most favorable to Mr. Prevost, the Court concludes that no reasonable juror could conclude that defendants violated Mr. Prevost's First Amendment rights.

## II.      Conclusion

It is therefore ordered that:

1.      The Court adopts the Proposed Findings and Recommendations as its findings in all respects (Dkt. No. 31);

2.      The Court dismisses with prejudice Mr. Prevost's claims against Mr. Lay and Mr. Jackson;

3.      The Court dismisses this action in its entirety;

4.      The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

So ordered this the 30th day of August 2019.

_____
Kristine G. Baker
United States District Judge